United States District Court
for the
Southern District of Florida

| Rebeca Chavez, Plaintiff, | ) | |
|---|---|---|
| | ) | |
| v. | ) | Civil Action No. 19-23577-Civ-Scola |
| | ) | |
| Orlando Coro, Defendant. | ) | |

## Order Granting the Defendant's Motion to Dismiss

This matter is before the Court on the Defendant Orlando Coro's motion to dismiss. (ECF No. 9). The Plaintiff Rebeca Chavez filed suit against Coro alleging that he fraudulently took a commercial truck and trailer owned by her company, Sanchez & Chavez Trucking LLC ("S&C"). Coro moves to dismiss the Complaint arguing that Chavez does not have standing to sue for damages relating to his alleged fraudulent acquisition of the truck and trailer when Chavez did not own the truck and trailer at the time he took them. The Court agrees that Chavez does not have standing, and therefore, **grants** the motion to dismiss (**ECF No. 9**).

1. **Background**

Chavez previously filed suit in the Southern District of Florida bringing a nearly-identical claim against Coro. *See* 18-24276-CV-MARTINEZ. Judge Martinez dismissed Chavez's case because she lacked standing to sue because she did not own the truck and trailer—as in this case, she alleged that S&C owned the truck and trailer.

The complaint in this case sets forth almost the same exact allegations as the previous complaint but adds the following paragraph:

> On July 18, 2018, an initial case that plaintiff filed versus Orlando Coro, was dismissed for lack of standing to sue (Case No. 18-24276-CIV-MARTINEZ-OTAZO-REYES). The Company Sanchez & Chavez Trucking LLC was the owner of the Truck and Trailer. Attached Plaintiff provides the assignment of the cause of action of the Company, by the only 2 members of the company to Rebeca Chavez. The heirs of Alberto Sanchez Leon assigned their cause of action of the company to Plaintiff, Rebeca Chavez, and the company assigned its cause of action to Rebeca Chavez. (See exhibit 2 and exhibit 3).

(ECF No. 1 at 7.) In other words, Chavez alleges that she now has standing to bring a claim on behalf of S&C because the other member's heirs assigned their

membership interests, including any causes of action of the company, and she attaches a document titled Assignment of Membership Interests. (ECF No. 1-1.)

## 2. Legal Standard

A court considering a motion to dismiss, filed under Federal Rule of Civil Procedure 12(b)(6), must accept all of the complaint's allegations as true, construing them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). Although a pleading need only contain a short and plain statement of the claim showing that the pleader is entitled to relief, a plaintiff must nevertheless articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting Fed. R. Civ. P. 8(a)(2)) (internal punctuation omitted). A court must dismiss a plaintiff's claims if she fails to nudge her "claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

## 3. Analysis

Under Florida law, a member of an LLC may bring an action on an individual basis only if: (1) there is a direct harm to the member, such that the alleged injury does not flow subsequently from an initial harm to the company; and (2) there is a special injury to the member that is separate and distinct from those sustained by other members. *Ecomed, LLC v. Asahi Kasei Medical Co., Ltd.*, 2017 WL 7795446, *2 (S.D. Fla. Apr. 28, 2017) (Zloch, J.) (citing *Dinuro Investments, LLC v. Camacho*, 141 So. 3d 731, 739-40 (Fla. 3d DCA 2014)). Under the direct harm test, the court examines "whether the harm from the alleged wrongdoing flows first to the company and only damages the shareholders or members due to the loss in value of their respective ownership interest in the company, or whether the harm flows directly to the shareholder or member in a way that is not secondary to the company's loss." *Strazzulla v. Riverside Banking Co.*, 175 So. 3d 879, 883 (Fla. 4th DCA 2015). The special injury test requires the Court to "compare the individual plaintiff's alleged injury to those injuries suffered by other members or shareholders of the company and then determine whether the plaintiff's injury is separate and distinct from other members or shareholders." *Id.*

Chavez argues that she now has standing because "100% of the membership interests in [S&C] are now vested in Plaintiff; and all causes of action of the Company have been assigned to Plaintiff." (ECF No. 12 at 1.) Her

reasoning is flawed because it does not matter that she is the sole owner of the company for standing purposes. As Judge Otazo-Reyes previously stated in her Report and Recommendation, Chavez's claims do not meet the special injury standard because the harm flows from S&C's loss of the truck and trailer. The same loss would have been sustained by other S&C members, and, as Judge Otazo-Reyes previously noted, even if Chavez were the only member of S&C it "does not change the Court's determination that there is alleged no special injury to Plaintiff." (ECF No. 1-1 at 16, n. 1.) The standing determination is the same even if she is the sole member because, under the direct harm test, Chavez cannot bring a direct action. The harm from the alleged fraudulent taking of the truck and trailer flows first to the company, and not directly to the her. *See Strazzulla*, 175 So. 3d at 883 ("The examining court must then compare the individual's harm to the company's harm, and a shareholder can only bring a direct suit if the damages are unrelated to the damages sustained by the company and if the company would have no right to recover in its own action.").[1]

Moreover, Alberto Sanchez Leon, the other, now-deceased member of the LLC, did not assign his right to sue on behalf of S&C to Chavez because he also lacked standing to sue on behalf of S&C under both the direct harm and special injury tests. Chavez did not show that the alleged fraudulent taking of the truck directly harmed Leon separately from the way the company was harmed. Nor did her allegations show that Coro specially injured Leon, in a way that is separate and distinct from the way she was injured. *See Strazzula*, 175 So. 3d at 883. Even if he did legally pass his interest in S&C to his wife and children, and even if they correctly assigned their interest to Chavez, his right to sue on behalf of S&C could not have passed to Chavez because he did not have a right to sue on behalf of the LLC in this matter. *See Ecomed, LLC*, 2017 WL 7795446, at *2.

---

[1] The Court notes that § 605.0717, Florida Statutes, states that the "[d]issolution of a limited liability company does not…prevent commencement of a proceeding by or against the limited liability company in its name."

### 4. Conclusion

In sum, the Court **grants** the Defendant's motion to dismiss because the Plaintiff lacks standing to bring this suit. (**ECF No. 9**.) Given that Chavez is proceeding pro se and that she has moved for leave to amend the complaint and for an extension of time to hire an attorney, the Court dismisses the Complaint (**ECF No. 1**) without prejudice, and with leave to amend the complaint consistent with this Order by no later than **November 1, 2019**. If Plaintiff fails to file an amended complaint by the deadline, the Court may close the case.

**Done and ordered** at Miami, Florida, on October 7, 2019.

Robert N. Scola, Jr.
United States District Judge